**ADAMS, Plaintiff-Appellee, v. NIBBOR REALTY COMPANY et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21686. Decided May 8, 1950.

242

Benesch, Friedlander & Mendelsohn, Cleveland, for plaintiff-appellee.

Richard DeNobel, Cleveland, for defendants-appellants.

## OPINION

By McNAMEE, J:—

The issue presented by this appeal relates to the tax title of a purchaser of forfeited land theretofore registered under the Torrens Title Law (§8572-1, §8572-118 GC) and may be stated thus:

Where a purchaser at a tax sale theretofore registered under §8572-1 GC, et seq., receives a deed from the County Auditor and thereafter in proceedings in the Court of Common Pleas seeks to have the title registered in her,—is it error for the court to refuse to register said tax title subject to future installments of assessments, for the reason that notice of the legislation authorizing the assessments and a list of the lands to be assessed was not filed with the County Recorder as required by §8572-56 GC, which was in effect at the time the assessments were levied?

From the agreed statement of facts the following are recited as sufficient to an understanding of the decision reached herein.

Prior to 1925, the title to the land in question was registered pursuant to §8572-1 GC et seq. Between the years 1925 and 1930 the Village of Parma (hereinafter called Parma) levied assessments on the land to defray the cost of sewer and water improvements installed in Ridgewood Avenue on which the land abuts. Bonds were issued in anticipation of the collection of the assessments. These assessments were certified to the Auditor of Cuyahoga County and placed upon the tax duplicate for collection, but Parma failed to file with the County

Recorder notice of the passage of the assessment ordinance and other pertinent information as then required by §8572-56 GC. In 1938 Parma refunded its outstanding assessment bonds and reassessed and re-spread the unpaid portion of said assessments and the remaining future installments over twenty-eight annual installments from 1938 to 1965, inclusive. The re-assessments were certified to the County Auditor for collection. In 1948, the land was forfeited to the State for nonpayment of taxes, assessments, penalties and interest and pursuant to appropriate proceedings was sold to the plaintiff at tax sale on June 7, 1948. Prior to the sale the County Auditor advertised the same in booklet form as follows:

"10826-Nibbor Realty Company, The: M 443-15-12; SL 61; Ridgewood Gardens Subd; Blake Tr. O. L. 5; 40 ft. front; st. Ridgewood Ave., near W. 60 St. V $220. DT 392.84. FA 114.90 (Torrens)."

Before receiving the bids at public auction, the Auditor caused this advertisement to be read in full. At the time of the sale plaintiff had actual knowledge that the improvements had been installed; that the cost thereof had been assessed against the land and duly certified to the County Auditor of collection and listed upon the tax duplicate. She also knew that the sum of $114.90 following "FA" as it appears in the advertisement, represented the amount of future installments of re-assessments upon the land. Upon receiving the Auditor's deed, plaintiff instituted this action in the court of common pleas to register the title to the land under §8572-1 GC et seq., and prayed that said title be registered free of all liens and encumbrances.

Parma as defendant, filed its answer and a cross-petition in which it asked that the court register plaintiff's title subject to the lien of the future installments of the re-spread assessments. The court ordered that the title be registered free of all encumbrances except taxes and assessments "not abated by the sale" but dismissed Parma's cross-petition. It is this latter action of the court that is assigned as error.

Sec. 8572-56 GC in effect at the time the assessments were levied, required as a prerequisite to the imposition of an assessment lien upon registered land that notice of the legislation levying the assessments and a list of the lands assessed or to be assessed be filed promptly with the county recorder.

In **Curry v. Lybarger, 133 Oh St 55,** it was held that the validity of assessment liens levied prior to the repeal of §8572-53 GC (in 1937) were conditioned upon compliance with

the terms of that section. The assessments here involved being levied prior to the repeal of §8572-56 GC, must be deemed not to have been valid liens upon the registered land in question prior to its forfeiture to the state.

About two years after its decision in the Curry case, the Supreme Court in **Amrich v. Boyle, 136 Oh St 325,** held that notwithstanding the failure of the municipality levying assessments upon registered land to comply with §8572-56 GC, an owner who petitioned for the improvements for which the assessments were levied was estopped from preventing their collection by the county treasurer.

In **Shaker Corlett Land Co. v. Cleveland, 139 Oh St 536,** the principle of the Amrich case was extended to include the immediate grantee of a petitioning owner of registered land and the court held that such a grantee was precluded from asserting the invalidity of the assessment liens although in that case also, there was a failure of the taxing authority to comply with the requirements of §8572-56 GC.

In **Lauriel Hill Land Co. v. Collister, 43 Oh Ap 229,** this court held that the owner of registered land, whose deed from a private corporation contained a reservation of right in the grantor to petition for improvements,' was estopped to deny the validity of assessments levied in payment of improvements petitioned for by the grantor. The foregoing authorities illustrate the principle that under appropriate circumstances Courts will apply the doctrine of equitable estoppel in denial of a claim of the owner of registered land, that assessment liens are invalid because of the failure of the taxing authorities to comply with §8572-56 GC. Indeed such is the weight accorded this equitable principle that in **Groene v. Boyle, 141 Oh St 553,** the three dissenting members of the court were of the opinion that its application ought to be extended to a case where the owner of registered lands did not petition for the improvements but merely "stood by" and allowed them to be made.

Upon similar equitable principles the common pleas court of Cuyahoga County in **Robinson v. Euclid, 34 O. O. 94,** held that a purchaser at a tax sale of land theretofore registered under the Torrens Act was bound by the terms of the auditor's deed which provided that the property was subject to taxes and assessments and in addition recited that the grantee "assumed and agreed to pay the taxes and assessments." The decision of the common pleas court in the Robinson case was affirmed by this court without opinion and was dismissed by the Supreme Court because of the failure of appellant therein to file a proper bill of exceptions. **146 Oh St 627.** In the

Robinson case there was no legislative sanction for the inclusion in the tax deed of the exceptions of taxes and assessments, §5762 GC, as then in effect, provided that a grantee of an auditor's deed at tax sale was invested with a new and perfect title, free from all liens and encumbrances, "except such easements and covenants running with the land as were created prior to the time the taxes and assessments for the non-payment of which the land was forfeited became due and payable."

Whether the action of the auditor in enlarging the exceptions in the tax deed in the Robinson case beyond the scope of §5762 GC, to include taxes and assessments was within his authority is open to question. But there is little doubt of the correctness of the decision that held the grantee of the tax deed to be estopped to deny the validity of the exceptions included therein.

The foregoing cases furnish ample authority for the application here of equitable principles in denial of plaintiff's claim that the land purchased at tax sale is not subject to the lien of future installments of special re-assessments. At the time she purchased the land, plaintiff knew the improvements had been made; she knew the amount of future installments of the re-assessments; she knew the land was to be sold subject to the lien of such future installments and made her bid for the purchase of the land in the light of such knowledge. If it were not that equitable principles otherwise applicable are superseded by a controlling principle of law we would be constrained to hold that plaintiff is estopped to deny the validity of the exceptions contained in her tax deed.

The principle of law that governs here derives from the nature of the title acquired by a purchaser at a forfeited land sale. A tax title is a new and independent title. "It has nothing to do with the previous chain of title; does not in any way connect itself with it; it is a breaking up of all previous titles." **Gwynne v. Niswanger, 20 O. 556; Jones v. DeVore, 8 Oh St 430; Kahle v. Niseley, 74 Oh St 328, Cech v. Schulz, 132 Oh St 353.**

Title to land acquired at a tax sale has its source in the state. The state alone may impose reservations and exceptions qualifying the new and perfect title invested in the purchaser. This the state has done in §5762 GC, which as amended effective Oct. 11, 1945, governs here. The pertinent provisions of that section read:

"When a tract of land has been duly forfeited to the state and sold agreeably to the provisions of this chapter, the con-

veyance of such real estate by the county auditor shall extinguish all previous title thereto and invest the purchaser with a new and perfect title, free from all liens and encumbrances, except taxes and installments of special assessments and re-assessments not due at the time of such sale and except such easements and covenants running with the land as were created prior to the time the taxes or assessments for the nonpayment of which the land was forfeited, became due and payable."

There can be no doubt that plaintiff as grantee of a tax deed took title to the land subject to taxes and the future installments of special reassessments. The principle that a tax deed extinguishes all previous titles operates as well to extinguish all liens and encumbrances against the title of the former owner except such as the state may decree shall constitute exceptions to the new title conveyed by it to the purchaser at a tax sale. As above noted, the earlier form of §5762 GC, in effect prior to Oct. 11, 1945, authorized no exceptions in the auditor's deed in favor of taxes and future installments of reassessments. That section was construed in State ex rel Zangerle v. South Euclid, 145 Oh St 433, decided June 25, 1945, where it was held that under §5762 GC, as then in effect, the auditor's deed of forfeited lands "invests the purchaser with a new and perfect title free from all liens of special assessments and reassessments." At page 437 of the opinion, the court said:

"All property passed to the purchaser free from the lien of installments falling due in the future."

Within four months after the Supreme Court decided the last cited case, the General Assembly amended §5762 GC, to authorize the inclusion in the auditor's deed of the additional exceptions of "taxes and installments of assessments and re-assessments not due at the time of sale." So, in the instant case where §5762 GC, as amended governs, it must be held that the land passed to the plaintiff subject to the lien of installments of reassessments "falling due in the future."

The assessments and reassessments in question are not invalid. They were merely inoperative as liens against the registered title of the former owner. These assessments and reassessments being valid, it was competent for the state in conveying title to the forfeited land to make the future installments thereof a lien upon the new title of plain-

tiff as purchaser at the tax sale. The statutes governing forfeited land sales apply with equal force to registered and unregistered lands alike. In conveying title to forfeited registered land the auditor is not bound by the register. The title conveyed by the auditor is adverse to that of the former owner of the registered title. To register his new title the grantee of the tax deed must institute proceedings under §8572-58 GC. Such registration must record the new title, together with the exceptions contained in the tax deed. The purchaser can acquire no better title than the auditor is authorized by statute to convey. The grantee of the tax deed is not a bona fide purchaser of registered land within the meaning of the Torrens Title Law and the provisions of that Act designed to protect such a purchaser against liens not disclosed upon the register have no application in the case of a sale of forfeited land.

For the reasons hereinabove assigned, it is ordered that the title to the land be registered in plaintiff subject to the future installments of re-assessments as the same appear on the auditor's duplicate.

While we are of the opinion that in order to remove all doubt a decree should be entered as indicated, there is support in the Torrens Act itself for the view that the future installments are effective as liens against plaintiff's property without being noted upon the register. As noted in Curry v. Lybarger, supra, at the time §8572-56 GC was repealed in 1937, §8572-25 and 8572-89 GC, were so amended as to include taxes and assessments liens within the exceptions not covered by the Torrens Certificate. Thus, all valid assessments levied since 1937 are effective as liens against registered land without further action under the Torrens Law. Likewise all land first registered since 1937, is subject to the liens of valid assessments without their being noted on the register. Strictly speaking, an assessment lien operates upon a title to the land rather than on the land itself. The registration of plaintiff's tax title under §8572-58 GC, brings a new and independent title not connected with any former title, upon the register and by virtue of §8572-25 and §8572-89 GC, which obviate the necessity of their being noted on the register, the future installments of assessments are effective as liens against plaintiff's title.

The judgment is reversed for error of law in dismissing defendant, City of Parma's cross-petition and the cause is remanded for further proceedings according to law. Exc. Order see journal.

SKEEL, PJ, HURD, J, concur.